FILED
2026 Oct-05 AM 10:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

**JESUS CASTILLO NOGUEZ,**
Petitioner,

**v.**

**JORDAN POWELL,**
*et al.*,
Respondents.

**Case No. 7:26-cv-1703-CLM-GMB**

## MEMORANDUM OPINION

Petitioner Jesus Castillo Noguez has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). For the reasons stated within, the court **GRANTS IN PART** Count 1 of Castillo Noguez's petition and **REFERS** Counts 2 to 4 of the petition to the magistrate judge for review on a non-expedited basis. The court **DISMISSES** Respondents Jordan Powell, David Venturella, Markwayne Mullin, and Todd Blanche. On or before **October 13, 2026**, Respondents Daniel Finn, Jr. and Brian Acuna must either (a) bring Castillo Noguez before an immigration judge for an individualized bond hearing, or (b) release Castillo Noguez from custody.

## BACKGROUND

Castillo Noguez is a native and citizen of Mexico. (Doc. 1, ¶ 27). Castillo Noguez has been continuously present within the United States since 2005 (*i.e.*, for over 21 years). (*Id.*). On September 18, 2026, Noguez was stopped by Alabama Law Enforcement Agency ("ALEA") officers in Chelsea, Alabama. (Id., ¶ 29; Doc. 5-1, p. 3). The ALEA officers contacted ICE officials who determined that Castillo Noguez was not a United States citizen and did not have permission to live within the United States. (*See id.*). Castillo Noguez was then detained and transferred to the Pickens County Detention Center in Carrollton, Alabama. (Doc. 1, ¶ 29).

On September 20, 2026, Castillo Noguez filed this habeas petition, raising four claims against Respondents Jordan Powell, Daniel, Finn, Jr., Brian Acuna, David Venturella, Markwayne Mullin, and Todd Blanche. Count 1 alleges that Respondents have violated the Immigration Nationality Act, 8 U.S.C. §§ 1225(b) 1226(a), by detaining him without a bond hearing. (Doc. 1, ¶¶ 31–43). Count 2 asserts that Castillo Noguez's detention violates his Fifth Amendment right to substantive due process. (*Id.*, ¶¶ 44–49). Count 3 says that Castillo Noguez's detention violates his Fifth Amendment right to procedural due process. (*Id.*, ¶¶ 50–56). Finally, Count 4 says that Castillo Noguez is entitled to relief because he is a member of the *Maldonado Bautista* nationwide class. (*Id.*, ¶¶ 57–62). Two days after he filed his petition, Castillo Noguez was transferred to the Pine Prairie ICE Processing Center in Louisiana.

## JURISDICTION

At the time Castillo Noguez filed his habeas petition, he was being detained at the Pickens County Detention Center, which is within this judicial district. Thus, this court has jurisdiction over Castillo Noguez's petition even though Castillo Noguez has since been moved to Louisiana. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440–41 (2004), *discussing Ex parte Endo*, 323 U.S. 283, 304–05 (1944). But because Castillo Noguez is no longer housed at the Pickens County Detention Center, Jordan Powell, the Pickens County warden, is no longer the proper respondent. Nor are David Venturella, the Acting ICE Director, Markwayne Mullin, the Secretary of Homeland Security, or Todd Blanche, the Attorney General, proper respondents because they are "remote supervisory officials" and not Castillo Noguez's "immediate custodian." *See id.* at 435–36. The court will thus **DISMISS** Powell, Venturella, Mullin, and Blanche as respondents.

The court, however, finds that Daniel Finn, Jr., the New Orleans Field Office's Acting Supervisory Detention and Deportation Officer for ICE ERO, and Brian Acuna, the Acting Director of ICE's New Orleans Field Office, are proper respondents. The New Orleans Field Office directly oversees ICE's Pine Prairie Processing Center, so Finn and Acuna are appropriate respondents who the court can order to produce Castillo Norguez.

## DISCUSSION

Turning to the merits of Castillo Noguez's petition, Respondents concede that because Castillo Noguez was arrested within the interior of the United States and has been in this country for 21 years that binding Eleventh Circuit precedent says that his detention is governed by 8 U.S.C. § 1226(a). *See Hernandez Alvarez v. Warden, Federal Det. Ctr. Miami*, 175 F.4th 1258, 1280–81 (11th Cir. 2026). Thus, Castillo Noguez may seek a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("[A]liens detained under § 1226(a) receive bond hearings at the outset of detention.").

The court will therefore **GRANT** Count 1 of Castillo Noguez's petition to the extent that the court **ORDERS** that Castillo Noguez be afforded a bond hearing. But the court **DENIES** Castilo Noguez's request that he be immediately released from custody because that Castillo Noguez's detention falls under § 1226(a) does not entitle him to immediate release. *See E.A.L.A v. Powell*, 2026 WL 1494518, at *2 (N.D. Ala. May 28, 2026).

The court will **REFER** to the magistrate judge for further consideration the merits of Counts 2–4 of Castillo Noguez's petition.

## CONCLUSION

For these reasons, the court **GRANTS IN PART** Count 1 of Castillo Noguez's petition (doc. 1) and **DISMISSES** Respondents Jordan Powell, David Venturella, Markwayne Mullin, and Todd Blanche. The court **REFERS** Counts 2–4 of the petition to the magistrate judge.

1. The court **ORDERS** Finn and Acuna to either (a) bring Castillo Noguez before an immigration judge for a bond hearing on or before **October 13, 2026**, or (b) release Castillo Noguez from custody.

2. If a bond hearing is conducted, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by Castillo Noguez and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006).

3. Castillo Noguez's counsel must receive at least 48 hours' notice of the hearing but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.

4. If either (a) Castillo Noguez is not given a bond hearing on or before October 13, 2026, or (b) an immigration judge denies bond for reasons that conflict with current Eleventh Circuit precedent (*i.e.*, *Hernandez Alvarez*), then this court **ORDERS** that Finn and Acuna release Castillo Noguez with reasonable conditions of supervision.

5. The court previously ordered Respondents to include with their written response any records within their possession that reflect the statutory basis for Castillo Noguez's detention. The court finds that Respondents have complied with this requirement by attaching to their response Castillo Noguez's (1) Form I-213; (2) Form I-200 administrative arrest warrant; (3) Form I-286, and (4) Notice to Appear. (Docs. 5-1 to 5-4). Thus, the court will not order Respondents to produce any other documents before the October 13, 2026, bond hearing. Should Castillo Noguez seek any other documentation that may be in Respondents' possession, he should make that request to the immigration judge before seeking an order from this court compelling production of those documents.

The court **DIRECTS** Finn and Acuna to file a notice on or before **October 16, 2026**, reporting on the results of the individualized bond hearing or telling the court that Castillo Noguez has been released from custody.

The court will enter a separate order that carries out this ruling.

**DONE** and **ORDERED** on October 5, 2026.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE